IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

WILLIAM JAMES HARRELSON                                                                     PETITIONER

V.                                     Case No. 22-CV-5085

SHERIFF TIM HELDER                                                                           RESPONDENT

### REPORT AND RECOMMENDATION

This matter is before the Court on Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF Nos. 1 & 5).[1] Petitioner seeks to vacate his April 18, 2022, plea of guilt to a Class Y felony rape charge in the Washington County Circuit Court, alleging, *inter alia*, the plea was coerced and the charge lacks evidence.[2] Respondent avers that the petition must be dismissed for failure to exhaust state court remedies. The petition is assigned to U.S. District Court Judge Timothy L. Brooks who referred it to the undersigned for Report and Recommendation pursuant to Rule 72.1(VIII)(B) of the

---

[1] Not only did Petitioner amend his petition, but with the undersigned's permission, Petitioner has filed supplemental pleadings (ECF Nos. 13, 14, 16, and 17) which generally urge habeas relief on the grounds that there was no physical evidence of rape; that his mother is an eyewitness who can confirm Petitioner's sexual activities with the victim were consensual; that the Fayetteville Police Department failed to show Petitioner its warrant prior to searching his mother's home, then illegally arrested him, and then denied his request for counsel and improperly proceeded with questioning of him when Petitioner was drunk; that his lawyer would not listen to him, called him a liar and a failure, refused to listen to his mother's eyewitness account, and coerced him into pleading guilty. None of these pleadings, however, prevent dismissal of the § 2241 habeas petition for the legal reasons stated herein.

[2] A sentencing order was entered on April 18, 2022, in *State of Arkansas v. Harrelson,* 72CR-20-650, and a Plea Questionnaire, signed by both Petitioner and his state court defender, Kristen Callahan, subsequently was filed on May 2, 2022.

1

Local Rules for the United States District Courts for the Eastern and Western Districts of Arkansas.

Although filed as a petition under § 2241, because Petitioner is "in custody pursuant to the judgment of a State court," he has only one means by which to challenge the validity of his conviction and that is pursuant to 28 U.S.C. § 2254. *See Crouch v. Norris*, 251 F.3d. 720, 722-23 (8th Cir. 2001) (holding that even if state prisoner is challenging the manner in which his sentence is being executed, his claim for habeas relief is under § 2254, not § 2241). There is, however, a hurdle: Section 2254(b)(1)(A) prohibits federal court consideration of habeas relief in the absence of exhaustion; this exhaustion requirement ensures that state courts have the opportunity fully to consider federal law challenges to a state custodial judgment before the lower federal courts may entertain a collateral attack upon that judgment. *O'Sullivan v. Boerckel,* 526 U.S. 838, 842 (1999) (state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking the state's appellate review process); *Duncan v. Walker*, 533 U.S. 167, 178-79 (2001). In other words, the exhaustion requirement prevents a federal court from considering a § 2254 habeas petition based on a constitutional violation that could be redressed adequately by pursuing an avenue of state court relief. *Humphrey v. Cady,* 405 U.S. 504, 516 (1972).

Here, an initial review of Petitioner's § 2241 filing correctly revealed that he is a prisoner of the State in the custody of Washington County Detention Center awaiting transfer to the Arkansas Department of Correction, and the Court provided him with the proper forms to assert a habeas claim pursuant § 2254. However, after further review of the pleadings in this matter, the undersigned will not recommend construction of Petitioner's petition as one pursuant to § 2254 because it does not appear Petitioner has exhausted state remedies (although he mentions in his pleadings that he is or will be pursuing post-conviction relief). Construing the petition pursuant to § 2254 and then immediately

denying it for failure to exhaust remedies would subject Petitioner to application of § 2244(b), which governs the filing of a second or successive habeas petition. Should Petitioner exhaust his state court remedies or otherwise reach a roadblock in the state courts, Petitioner can re-file his action under § 2254. Thus, it is recommended that Petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2241 be **DISMISSED WITHOUT PREJUDICE.**

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. §636(b)(1).  The failure to file timely written objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

IT IS SO ORDERED this 19th day of July 2022.

*Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE